IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Miller, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 4834 |
| Allied Interstate, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Thomas Miller, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Thomas Miller ("Miller"), is a citizen of the State of Idaho, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Allied Interstate, Inc. ("Allied") is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Allied operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Miller.

5. Defendant Allied is authorized to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Allied conducts business in Illinois.

6. Moreover, Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Allied acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Miller is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Capital One credit card. When Defendant Allied began trying to collect this debt from Mr. Miller, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Allied's collection actions.

8. Accordingly, via a letter dated May 20, 2011, one of Mr. Miller's attorneys at LASPD informed Defendant Allied, in writing, that he was represented by counsel, and directed Defendant Allied to cease contacting him, and to cease all further collection actions because Mr. Miller was forced, by his financial circumstances, to

2

refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, during June, 2011, Defendant Allied's debt collectors kept calling Mr. Miller directly, via telephone, from telephone number 253-218-3451, to demand payment of the Capital One debt, including, but not limited to, telephone calls on June 13, 2011 and June 15, 2011.

10. Accordingly, on June 15, 2011, Mr. Miller's LASPD attorney had to send Defendant Allied another letter, demanding that it cease communications and cease collections.  Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant Allied's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Allied's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Miller's agent/attorney, LASPD, told Defendant Allied, in writing, to cease communications and cease collections (Exhibit C).  By

continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

16. Defendant Allied's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant knew that Mr. Miller was represented by counsel in connection with his debts because the attorneys at LASPD had informed Defendant Allied, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant to cease directly communicating with Mr. Miller. By directly calling Mr. Miller, despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

20. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Thomas Miller, prays that this Court:

1. Find that Defendant Allied's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Miller, and against Defendant Allied, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Thomas Miller, demand trial by jury.

Thomas Miller,

By: /s/ David J. Philipps<br>
One of Plaintiff's Attorneys

Dated: July 18, 2011

David J. Philipps    (Ill. Bar No. 06196285)<br>
Mary E. Philipps    (Ill. Bar No. 06197113)<br>
Philipps & Philipps, Ltd.<br>
9760 S. Roberts Road<br>
Suite One<br>
Palos Hills, Illinois 60465<br>
(708) 974-2900<br>
(708) 974-2907 (FAX)<br>
davephilipps@aol.com<br>
mephilipps@aol.com